UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HAYWOOD, #253477,

        Plaintiff,                              Case Number: 20-cv-10694
                                                        HONORABLE SEAN F. COX

v.

ZUMMER ET AL.,

        Defendant.

_____/

**OPINION AND ORDER OF PARTIAL DISMISSAL**

Plaintiff Michael Haywood, who is in the custody of the Michigan Department of Corrections, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff names four Michigan Department of Corrections (MDOC) employees as defendants and alleges they violated his rights under the Eighth Amendment.

The Court holds that Plaintiff fails to state a claim upon which relief may be granted against defendants Zummer, Girard, and Chalker. The Court also dismisses Plaintiff's claims against Defendants in their official capacities based upon Eleventh Amendment immunity. Plaintiff may proceed with his claim that defendant Grabowski's use of a taser constituted excessive force in violation of the Eighth Amendment.

**I. Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is

to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. The Complaint

Plaintiff's complaint concerns events which occurred in July and August 2019, while he was incarcerated at the Saginaw Correctional Facility. On July 14, 2019, Plaintiff notified defendant Zummer (a corrections officer) and defendant Girard (Plaintiff's psychologist) that an inmate who posed a danger to him was housed at the same facility. (ECF No. 1, PageID.3.) The inmate had been involved in a prior attack at a different facility which resulted in Plaintiff suffering at least twenty stab wounds. (*Id.*) Plaintiff and the other inmate were housed on different units and Plaintiff asked defendants Zummer and Girard to ensure that they remained on different units. (*Id.*) He also asked to be placed in protective custody until he was transferred to a different facility. (*Id.*)

On August 19, 2019, despite his request and warning, Plaintiff was moved to the same unit as the inmate he claimed posed a threat to him. (*Id.*) He asked another corrections officer, defendant Chalker, to remove him from that unit for his safety. (*Id.*) Defendant Chalker did not immediately do as Plaintiff requested. (*Id.*) But Plaintiff was transferred to a different facility one week later. (*Id.*)

On August 26, 2019, Plaintiff was ordered by defendant Grabowski, a corrections officer, to pack his belongings for a transfer. (*Id.*) Plaintiff told Grabowski that "a threat was made" that Plaintiff would not leave without being stabbed again. (*Id.*) When Grabowski disregarded Plaintiff's concerns, Plaintiff asked to speak to a supervisor. Plaintiff states that Grabowski "grew frustrated with [Plaintiff] and tasered [him] in the back twice." (*Id.*) Plaintiff seeks compensatory and punitive damages. (*Id.* at 4.)

3

### III. Discussion

#### A. Official Capacity Claims

Plaintiff sues all defendants in their personal and official capacities. A suit against an MDOC employee in his or her official capacity is equivalent to a suit brought against the MDOC. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Id.* at 66. "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (quotation omitted).

Plaintiff's claims against the defendants in their official capacities will be dismissed.

**B.  Eighth Amendment Failure to Protect Claim**

Plaintiff claims that Defendants violated his rights under the Eighth Amendment when they exposed him to the risk of an assault by an inmate who previously attacked him.

Prison officials have a duty under the Eighth Amendment to take reasonable measures to ensure the safety of inmates from other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison staff must "take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To state an Eighth Amendment failure-to-protect claim, a plaintiff must satisfy two requirements, one objective and one subjective. *Farmer*, 554 F.3d at 834. First, under the objective component, a plaintiff must show exposure to "a substantial threat of serious harm." *Id.* at 837. Second, under the subjective component, a plaintiff must show that a prison official knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A plaintiff must show that each of the defendants were aware of a substantial risk, and actually disregarded it. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

In this case, Plaintiff has adequately pled the objective component by alleging facts indicating that the inmate he sought protection from had previously been part of an

5

attack that resulted in Plaintiff being stabbed over twenty times. (ECF No. 1, PageID.3.) As for the subjective component, Plaintiff states that he warned Defendants several times about his history with this inmate, but they did nothing to protect him. In fact, Plaintiff was housed separately from the problematic inmate from July 14, 2019 (when he first noticed the presence of this inmate and informed Defendants Zummer and Girard) until August 19, 2019. On August 19, 2019, he was transferred to the same housing unit as the inmate he feared, but was transferred to a different facility after seven days.

Plaintiff does not claim he was physically attacked or that this specific inmate threatened him over this period.[1] Plaintiff's claims fail to show that any Defendant disregarded the risk to him. While he may have preferred a quicker transfer to a different facility, he has not shown that the time it took for the transfer was unreasonable. Further while a defendant need not wait for an actual attack to occur to bring a personal safety claim, *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994), the fact that no assault occurred during Plaintiff's short time housed with the problematic inmate supports the reasonableness of Defendants response. *See Farmer*, 511 U.S. at 847 (a prison official may be held responsible for failing to protect an inmate from an attack by another inmate only if the official knows there is "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

---

[1] Plaintiff states generally that "[a] threat was made that [he] would not leave ... without being stabbed by the gang again." (ECF No. 1, PageID.3.) He does not, however, attribute this threat to this particular inmate.

Plaintiff does not allege he was physically harmed after Defendants were made aware of a specific risk of harm to him or that this particular inmate made specific threats against him. He was transferred to another facility shortly after being housed with the inmate he feared. Under these circumstances, the Court finds that Plaintiff fails to allege facts sufficient to satisfy the subjective component of a failure to protect claim.

### IV.  Order

The Court DISMISSES Plaintiff's claims against the defendants in their official capacities because they are entitled to Eleventh Amendment immunity.

The Court DISMISSES Plaintiff's Eighth Amendment failure-to-protect claim. The dismissal of this claim leaves no claims remaining against defendants Zummer, Girard, and Chalker, and the Court DISMISSES them from this action:.

Plaintiff's Eighth Amendment excessive force claim may proceed against Defendant Grabowski.

SO ORDERED.

                                            s/Sean F. Cox
                                            SEAN F. COX
                                            UNITED STATES DISTRICT JUDGE

Dated:  January 8, 2021