UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HAYWOOD,

    Plaintiff,

v.

GRABOWSKI,

    Defendant.

_____/

Case No. 4:20-cv-10694
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO: APPEAR, SHOW CAUSE, AND PROSECUTE

**I.     RECOMMENDATION**: The Court should dismiss without prejudice Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for failure to appear, failure to show cause, and failure to prosecute.  Further, should Plaintiff seek to re-file or re-open his case, the Court should require that he first pay Defendant's attorney fees related to his two failures to appear, in the amount of $900.

**II.     REPORT:**

    **A.  Background**

Plaintiff, proceeding without the assistance of counsel, filed the instant action while in the custody of the Michigan Department of Corrections (MDOC)

on March 2, 2020, which was transferred to this Court on May 16, 2020. (ECF No. 1.) He then filed an amended complaint on January 20, 2021. (ECF No. 9.) Judge Kumar referred the case to me for all pretrial matters. (ECF No. 20.) The only remaining Defendant in this case is Corrections Officer Grabowski, who has been served and is represented (ECF Nos. 22 & 23).

On June 21, 2021, Plaintiff filed a notice of change of address/contact information listing a personal address. (ECF No. 15).[1] On April 12, 2022, I noticed a scheduling conference for Tuesday, May 17, 2022, at 11:30 a.m., which was served on Plaintiff by mail, was not returned as undeliverable, and did not result in any notice that Plaintiff had changed his address. (ECF No. 24.) The day before the conference, due to judicial illness, the conference was re-noticed to take place by Zoom, and since Plaintiff is not an e-filer the Court unsuccessfully attempted to let Plaintiff know by phone. (ECF No. 25.)

On the date and time set for the scheduling conference, counsel for Defendant appeared, but Plaintiff did not. My staff attempted to reach Plaintiff by telephone several times in the days leading up to and on the date of the conference and received no messages from Plaintiff indicating that he could not appear. Further, due to the late change from an in-person proceeding to a remote one, the

---

[1] The MDOC's Offender Tracking Information System (OTIS) lists Plaintiff's current status as "discharged." *See* www.michigan.gov/corrections, "Offender Search," last visited June 6, 2022.

2

Court left open the option that Plaintiff would appear either in person or via Zoom, with court staff waiting in the courtroom. He did neither.

A record of the above was made in open court over fifteen minutes after the scheduling conference was set to begin, when Plaintiff failed to appear. In my order to show cause, I stated:

> From all of the above, the Court is satisfied that Plaintiff received notice of the scheduling conference and could have appeared, either remotely or in person.
>
> Accordingly, Plaintiff is **ORDERED** to appear before me **IN PERSON** in my Sixth Floor Courtroom at the Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd in Detroit on **Monday, June 6, 2022** at 10 a.m. to **SHOW CAUSE** why this case should not be dismissed for failure to prosecute and/or appear at the originally scheduled scheduling conference, and to participate in a new scheduling conference if the Court finds good cause to let the matter proceed. *See* Fed. R. Civ. P. 16(f)(1)(A) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference[.]"). Counsel for defendant should also appear. <u>Plaintiff is hereby given notice that failure to comply with this order could result in a dismissal of this action pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. Local Rule 41.2</u>.

(ECF No. 26, PageID.61-62.) Neither the notice of the original scheduling conference, nor the order to show cause, was returned as undeliverable, each having provided ample notice that Plaintiff was required to appear in court.

However, Plaintiff yet again failed to appear before me on June 6, 2022, at the rescheduled scheduling conference and show cause hearing, after waiting

3

twenty minutes beyond the scheduled time of 10 a.m. My case manager indicated on the record that he had not heard from Plaintiff. In any case, E.D. Mich. Local Rule 11.2 provides that:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

Defendant's counsel did appear in person at the show cause hearing.

### B. Standard

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629-32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (quotations and citation omitted; alteration in original).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id*. (quoting *Knoll*, 176 F.3d at 363).

### C.  Discussion

The record clearly demonstrates the existence of all four factors here. Despite more than adequate notice of each event, including by specific order of the Court, Plaintiff failed to appear for his original scheduling conference, as well as the rescheduled conference and show cause hearing, to the detriment of Defendant's counsel, who attended both. And he provided no adequate excuse or explanation for his failure to do so. Further, I explicitly warned Plaintiff in my show cause order that if he failed to appear, his case may be subject to dismissal. (ECF No. 26, PageID.61-62.)

Accordingly, I conclude that no alternative sanction beyond dismissal would help the Court to effectively manage its docket and avoid unnecessary burdens on the Court and opposing parties, and **RECOMMEND** that the Court **DISMISS** Plaintiff's action without prejudice under Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.  I further recommend that any re-filing or re-instatement of the case be conditioned upon Plaintiff paying Defendant's attorney fees related to his twice failing to appear, (including failing to show cause at the latter event), in the amount of $900.  This accounts for Defendant's counsel's 4 hours of travel and court time for appearances, at an hourly rate of $225/hour, which the Court deems reasonable.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 9, 2022

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE